# Exh. B
# Memorandum in Support of Plaintiff's Motion for Summary Judgment Against Defendant Benjamin C. Cranford

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HUNT REFINING COMPANY, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> C & H PAVING, INC., a corporation, and BENJAMIN C. CRANFORD <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CASE NO: 1:23-cv-04540-ELR ) ) ) ) ) ) |

# PLAINTIFF HUNT REFINING COMPANY'S FIRST REQUEST FOR ADMISSION TO DEFENDANT BENJAMIN C. CRANFORD

Pursuant to Federal Rule of Civil Procedure 36, plaintiff Hunt Refining Company ("HRC") requests Defendant Benjamin C. Cranford ("Cranford") respond to the following request for admission and admit or deny the truth of the allegations contained therein, within the time provided by the Federal Rules of Civil Procedure.

1

## **REQUEST FOR ADMISSION**

1. Defendant Benjamin C. Cranford signed the Continuing Guaranty Agreement attached as Exhibit A.

Respectfully submitted,

*/s/ Richard H. Monk III*
Attorney for Plaintiff Hunt Refining Company

OF COUNSEL
Richard H. Monk III
Georgia Bar No: 557208
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
Telephone: (205) 521-8516
Fax: (205) 488-6516
rmonk@bradley.com

Chase Lyndale
Georgia Bar No. 183762
Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 868-2100
Fax: (404) 868-2010
clyndale@bradley.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2024, the foregoing was served by Electronic and U.S. Mail on the following:

C&H Paving, Inc.
c/o Registered Agent, Benjamin C. Cranford
204 Main Street
PO Box 1809
Thomson, GA, 30824

Benjamin C. Cranford
204 Main Street
PO Box 1809
Thomson, GA, 30824
benji530@icloud.com

/s/ Richard H. Monk III
OF COUNSEL

# Exhibit A

## CONTINUING GUARANTY AGREEMENT

In consideration of Hunt Refining Company (hereinafter referred to as "Hunt") extending credit to C & H PAVING, INC., its successors, assigns, legal representatives, executors, and administrators (hereinafter collectively referred to as "Buyer"), the undersigned ("Guarantor") as an inducement to Hunt to sell and extend credit to Buyer hereby jointly and severally, unconditionally, and absolutely guarantee the due and punctual payment and maturity of whatever amount shall at any time be owing to Hunt on account of products heretofore or hereafter sold or delivered by Hunt to Buyer (hereinafter referred to as "liabilities"), whether said liabilities are in the form of open account, open account note, trade acceptance, draft, or other evidence of debt.

Guarantor further agrees that, in the event that Hunt grants to Buyer one or more extensions or renewals of any of the liabilities or any part thereof or permits or requires any other modification in any of the terms of the liabilities, or any part thereof, in any manner which may be acceptable to Hunt with or without notice to Guarantor this Guaranty shall and is hereby made to extend to and cover such extended, renewed, or modified liabilities, on whatever terms and conditions the same may have been or shall be extended, renewed, or modified.

Guarantor further agrees (a) to pay any and all of the liabilities upon demand at any time after maturity thereof (whether by acceleration or otherwise); (b) to be bound by all of the terms and provisions appearing on the face of any instrument or agreement evidencing, securing, guaranteeing, or executing in connection with any of the liabilities and of any renewal instrument or agreement just as though the Guarantor had signed such instrument or agreement; (c) that Hunt will not be required first to resort to the Buyer or any other party, but in case of default in the payment of any of the liabilities, Hunt may forthwith look to Guarantor jointly and severally for the payment under the provisions hereof; and (d) that Hunt's enforcement of the Guarantor's obligations hereunder shall not be stayed or otherwise delayed by any claim (including without limitation a counterclaim) that any obligor may have against Hunt.

Guarantor hereby further agrees that the obligation with the Guarantor hereunder is absolute, unconditional, present, and continuing guaranty of payment and not collectible and shall not be subject to any counterclaim, recoupment, setoff, or reduction of defense based upon any claim that the Guarantor may have against the Buyer or Hunt and shall not be discharged, impaired, modified, or otherwise affected by (a) any understanding or agreement that any other person, firm, or corporation was or is to execute this agreement or any other document evidencing or guaranteeing the liabilities or any part thereof; (b) the death, insolvency, or bankruptcy or any obligor or the failure of Hunt to file a claim against such deceased or bankrupt obligors' estate for such obligors' liability or obligation to Hunt; (c) any modification, amendment, supplement, or change in the status of terms in any of the liabilities; (d) any default by Buyer and payment of any of the liabilities; (e) any compromise, settlement, release, discharge, termination, waiver, or extension of time for payment, performance, or observance of any obligation or any obligor with respect to any of the liabilities; (f) the application of any payments or other sums to any of the liabilities in such order as Hunt may elect; (g) any exercise or non-exercise of any right, remedy, power, or privilege of Hunt with respect to any of the liabilities; (h) any failure, omission, delay, or lack of diligence on the part of Hunt to enforce, assert, or exercise any such right, power, privilege or remedy; (I) any claim (including but not limited to a counterclaim) that any obligor may have against Hunt; (j) any other event, circumstance, or condition whether or not the Guarantor shall have notice or knowledge thereof.

The Guarantor further agrees that it shall not be necessary for Hunt to give Guarantor notice of or to obtain consent or approval of Guarantor in connection with the making for any advances or any extensions of credit or the terms thereof, or of any reviewal or extension of or other modification with respect to the liabilities, or any part thereof. The terms hereof shall inure to the benefit of the successors and assigns of Hunt and shall be binding, jointly and severally, upon the Guarantor, his or her heirs, executors, administrators, successors, and assigns.

The Guarantor hereby agrees to indemnify and hold Hunt harmless against any loss or expense, including reasonable attorneys' fees and any disbursements, that may result from any failure of any obligor to pay any of the liabilities when and as due and payable or that may be incurred by or on behalf of Hunt in enforcing payment of any of the liabilities against the Guarantor or any of the obligors.

Each of the Guarantors who now is or hereafter becomes an "insider", as defined in 11 U.S.C. Section 101 (or any amendment or successor thereto or replacement thereof), of the Borrower hereby waives and relinquishes all rights (including without limitation rights of subrogation) that such Guarantor now has or hereafter may have to recover from or be reimbursed by the Borrower or the Borrower's property, or from any person, firm, or corporation that may now or hereafter have such a right to recover from or be reimbursed by the Borrower or the Borrower's property, any amounts paid by such Guarantor to satisfy, in whole or in part, the Liabilities. The provisions of this paragraph are made for the express benefit of the Borrower as well as Hunt and may be enforced independently by the Borrower.

This Continuing Guaranty Agreement and the Guarantor's obligations hereunder shall continue to be effective or be automatically reinstated, as the case may be, any time payment of all or any part of the liabilities is recovered (a "Recovered Payment") from Hunt as a result of a preference or other claim made under any bankruptcy, insolvency, dissolution, liquidation, reorganization, receivership, or similar law or otherwise.

Any act or circumstance that shall toll any statute of limitations applicable to the Buyer's liabilities, or any of them shall also toll the statute of limitations applicable to the Guarantor's obligations under this Continuing Guaranty Agreement.

The term "Guarantor" as used herein refers to the undersigned, whether one or more natural persons, corporations, associations, partnerships, or other entities.

This Agreement shall be governed by and construed in accordance with Alabama law.

WITNESS the signature of the undersigned on this the ___3___ day of __April__, 20_12_.

___[signature]___
GUARANTOR

GUARANTOR

THE STATE OF __Georgia__
COUNTY OF __McDuffie__

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that __Benji Cranford__, whose name(s) is (are) signed to the foregoing instrument and who is (are) known to me acknowledged before me on this day that, being informed of the contents of the instrument, executed the same voluntarily on the day the same bears date.

Given under my hand this ___3___ day of __April__, 20_12_.

___[signature] Dona M Mitchell 12/19/14___
NOTARY PUBLIC